
HOLME ROBERTS & OWEN, LLP
Thomas J. Rossa, #2806
Jeffery M. Lillywhite, #8920
299 South Main Street, Suite 1800
Salt Lake City, UT 84111-2263
Telephone: (801) 521-5800
Facsimile: (801) 521-9639

Attorneys for Defendant HSN Improvements, LLC

---

IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
CENTRAL DIVISION

---

| | | |
|---|---|---|
| AMERITRADE INTERNATIONAL, INC., a Utah Corporation and CRAIG D. JONES, a Utah resident, | : : : | **MEMORANDUM IN SUPPORT OF MOTION TO STRIKE THE EXPERT** |
| Plaintiffs, | : : | **REPORT OF DR. GLENN L. CHRISTENSEN AND THE** |
| v. | : : | **DECLARATIONS OF DENISE HALL, BRIAN COLE, AND PAT HARTMAN** |
| HSN IMPROVEMENTS, LLC, a Delaware limited liability company, | : : : | |
| Defendant. | : : | Judge Ted Stewart<br>Case No. 2:03CV00459 TS |

---

Defendant HSN Improvements, LLC ("IMPROVEMENTS") respectfully submits this

memorandum in support of its Motion to Strike the Expert Report of Dr. Glenn L. Christensen

("Christensen") and the Declarations of Denise Hall, Brian Cole, and Pat Hartman ("Declarations

of AMERITRADE Customers") relied on by Ameritrade International, Inc. ("AMII") and

Craig D. Jones ("JONES") ( AMII and JONES together being referred to as "AMERITRADE").

The Christensen's expert report should be stricken because (1) his designation was untimely, (2)

AMERITRADE violated the Court's Protective Order by giving Dr. Christensen confidential



information without sending IMPROVEMENTS the Court ordered assurance of confidentiality, and (3) his report fails to satisfy the federal rules of evidence's standard for the admissibility of expert testimony. The Declarations of AMERITRADE Customers should be stricken because they are inadmissible under the federal rules evidence.

## BACKGROUND

AMERITRADE filed the Complaint in this matter on May 16, 2003. The Court entered an initial scheduling order on August 27, 2003. Under the scheduling order, the Court set a deadline for AMERITRADE to file expert reports on March 21, 2004. This date was later extended to August 30, 2004 in an Amended Scheduling Order dated June 7, 2004, and the deadline for IMPROVEMENTS to submit its expert reports was set for September 30, 2004.

AMERITRADE sought to extend the due date for submitting expert reports by filing its Motion to Extend on the August 30 due date, which was opposed by IMPROVEMENTS. IMPROVEMENTS designated its financial expert, L. Dean Smith, to Plaintiffs in a letter dated August 26, 2004 and designated its marketing expert, E. K. Valentin, in a letter dated September 22, 2004. Not knowing what the outcome of the Motion to Extend would be, IMPROVEMENTS was diligent in filing both of its expert reports on September 30, 2004 in compliance with the deadline set by the Court.

The Court, in an order dated October 18, 2004, granted AMERITRADE'S request by extending the deadline to submit expert reports to November 12, 2004. Even though AMERITRADE gained additional time to file its reports, it wanted more time. In its response to IMPROVEMENTS' Motion for Clarification, AMERITRADE asked for additional time to submit expert reports beyond that previously granted by the Court. In its November 17, 2004

2

order, the Court set a deadline of December 7, 2004 for AMERITRADE to designate experts and December 23, 2004 to file its expert reports.

## ARGUMENT

AMERITRADE designated its financial expert, Kelly Johnson in a letter dated November 12, 2004, and failed to identify any other expert. Only when AMERITRADE filed its expert report of Kelly Johnson and its expert report of Dr. Glenn Christensen on December 23, 2004 did IMPROVEMENTS learn the identity of Plaintiffs' expert on likelihood of confusion.

## I. THE PLAINTIFFS' EXPERT REPORT IS UNTIMELY

The Federal Rules of Civil Procedure clearly require "[a] party [to] disclose to the other parties the identity of any person who may be used at trial [as an expert]... at the times and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2). "A party that without substantial justification fails to disclose information required by Rule 26(a)... **is not**, unless such failure is harmless, **permitted to use as evidence at a trial... or on a motion any witness... not so disclosed**." Fed. R. Civ. P. 37(c)(1); *see also, Miller v. Pfizer, Inc*, 356 F.3d 1326, 1332 (10th Cir. 2004) (stating that "failure to make proper disclosures **may require** exclusion of the expert as a witness"); *Hill v. Dickerson*, 839 P.2d 309, 311 (Utah App. 1992) (affirming the exclusion of testimony of expert who was designated after the court appointed date).

The purpose of Rule 26(a)(2) is to curb dilatory litigation tactics. *Continental Lab. Prods., Inc. v. Medax Int'l, Inc*, 195 FRD 675 (S.D. Cal. 2000). When it has ample opportunity to comply with court deadlines, a party should not be able to disregard the court's order without penalty. This is especially so when the court has already granted a party multiple extensions to make its expert witness disclosures. *See Riordan v. Corp. of Presiding Bishop of Church of*

#179997 v3

*Jesus Christ of Latter-Day Saints*, 242 F. Supp.2d 635, 642 (W.D.Mo. 2003) (strike plaintiff's expert reports for failing to make adequate Rule 26(a)(2)(B) disclosures after multiple extensions).

In this case, AMERITRADE had ample time to locate and designate an expert on likelihood of confusion. In fact, prior to AMERITRADE'S failure to timely disclose the identity of Christensen, the Court had previously granted AMERITRADE not one, but *two* extensions to make its expert witness disclosure in addition to an extension obtained from the modified scheduling order). AMERITRADE has failed to follow the Court's order.

AMERITRADE failed to identify Christensen by the December 7 deadline. In fact, Christensen was not designated at all. It was not until AMERITRADE filed its expert reports that IMPROVEMENTS learned the identity of AMERITRADE'S expert on likelihood of confusion. Clearly, AMERITRADE was not diligent in designating Christensen as an expert.

AMERITRADE is the plaintiff and has the burden to present its thesis. By happenstance or plan, AMERITRADE was able to delay until after IMPROVEMENTS submitted its expert reports on marketing and on financial matters. AMERITRADE thus enjoyed an advantage and exploited it even further by submitting a surprise expert report so close to the end of discovery that IMPROVEMENTS would be disadvantaged and not able to deal with it prior to the close of discovery. AMERITRADE'S in effect used the extensions to introduce surprise testimony and a novel theory. Therefore, AMERITRADE'S failure to designate Dr. Christensen as an expert in a timely manner should bar AMERITRADE'S use of his testimony and report.

4

## II.    THE PLAINTIFFS BREACHED THE COURT'S PROTECTIVE ORDER

Even if Plaintiffs had timely designated their expert, Christensen's report (Ex. A) should still be stricken because Plaintiffs ignored the Court's protective order of December 5, 2003 and the rules to regulate the disclosure of confidential information. When a party breaches a protective order by disclosing confidential information to an expert who does not fulfill requirements outlined by the court to ensure the protection of confidential information, the expert should be disqualified. *See Beam Sys. v. Checkpoint Sys.*, 42 U.S.P.Q.2d 1461 (C.D. Cal. 1997) (disqualifying an expert who did not fit the requirements of independence outlined by the court).

Here, AMERITRADE provided Christensen with documents that are designated as confidential. Christensen indicated that he explicitly relied on those documents in his report. The Protective Order clearly states that the qualified person "shall execute prior to any such disclosure a written undertaking in the form attached hereto as Exhibit A, and such signed undertakings shall be forwarded to all other parties of record before disclosure of any CONFIDENTIAL INFORMATION." IMPROVEMENTS never received the required written undertaking, yet the information was disclosed to Christensen. Because AMERITRADE forwarded information subject to a protective order to an expert not qualified by the Court's order, his report and testimony should be excluded.

## III.    THE EXPERT REPORT IS INADMISSIBLE UNDER *DAUBERT*

*Daubert* requires reliable expert testimony, not rank speculation. AMERITRADE is not permitted to present unreliable, speculative and unhelpful expert testimony at trial. Federal Rule of Evidence 702 allows expert testimony only if it is reliable:

5

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is the based upon sufficient facts or data, (2) **the testimony is the product of reliable principles and methods,** and (3) the witness has applied the principles and methods reliably to the facts of the case.

In applying Rule 702 to expert testimony, the trial court exercises a gatekeeper function to make sure only reliable and relevant evidence is admitted via an expert. *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993). As the proponent of expert testimony, it is AMERITRADE'S burden to show by a preponderance of the evidence that Christensen's testimony is (1) reliable, in that it is based on a reasonable foundation; and (2) that it is "relevant to the task at hand," i.e., the opinion must "fit" the facts of the case. *Id.* at 597; *see also, General Electric Co. v. Joiner*, 522 U.S. 136, 140 (1997) (exclude expert testimony based on speculation). Scrutinizing proffered expert testimony is particularly important when the expert presents "an array of figures conveying a delusive impression of exactness in an area where a jury's common sense is less available than usual to protect it." *JMJ Enterprises, Inc. v. Via Veneto Italian ice, Inc.*, 1998 U.S. Dist. LEXIS 5098 at *26-27 (D. Pa. 1998) (quoting *Tyger Constr. Co. v. Pensacola Constr. Co.*, 29 F.3d 137, 145 (4th Cir. 1994)).

The trial court must apply Rule 702 and *Daubert* to expert testimony based on "technical" and "other specialized knowledge," not just purely "scientific" testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). More specifically, *Daubert* applies directly to survey testimony like Christensen's, and federal courts have not hesitated to require experts on likelihood of confusion to abide by the requirements of *Daubert. See e.g., Citizens Financial*

6

*Group v. Citizens Nat'l Bank*, 2003 U.S. Dist. LEXIS 25977 (W.D. Penn. 2003); *Sears, Roebuck & Co. v. Menard, Inc.*, 2003 U.S. Dist. LEXIS 22246 (N.D. Ill. 2003).

Where the testimony's "factual basis, data, principles, methods, or their application are called sufficiently into question ... the trial judge must determine whether the testimony has a reliable basis in the knowledge and experience of the relevant dispute." *Kumho*, 526 U.S. at 149. Here, it is clear that Christensen's factual basis, data, and methods are seriously questionable. Indeed, his research is downright unreliable.

### A.      Christensen's Testimony is Based Upon Unreliable Survey Data

Christensen does not in fact take a survey. He conducts a laboratory experiment with a number of subjects to product results in lieu of a survey. "Subpart (1) of Rule 702 calls for a quantitative rather than qualitative analysis." Fed. R. Evid. 702, Advisory Committee Notes. When showing likelihood of confusion, a survey, or "a more scientific means of evidencing mental associations is to introduce the actual responses of a group of people who are typical of the target group whose perceptions are at issue in a case." *McCarthy on Trademarks* § 32:158. In effect Christensen conducted a flawed survey which is grounds for excluding an expert's testimony based upon that survey. *See Toys "R" Us, Inc. v. Canarsie Kiddie Shop, Inc.*, 559 F. Supp. 1189, 1205 (E.D.N.Y. 1983) (excluding opinions based upon a flawed survey).

The laboratory testing came no where near the typical survey criteria. *Manual for Complex Litigation*, 116 (5th Ed. 1981); *see also, Toys "R" Us, Inc.*, 559 F. Supp. at 1189; *Bank of Utah v. Commercial Sec. Bank*, 369 F.2d 19, 28 (10th Cir. 1966) (outlining requirements of admissible survey evidence). "The offeror has the burden of showing his survey was conducted in accordance with accepted principles of survey research." *Id.* at 28 n.8. "A survey is

7

inadmissible when the sample is clearly not representative of the universe it is intended to reflect." *Id.* at 28.

Christensen's "research" is based on flawed data throughout and falls well short of what is required of admissible expert testimony. Christensen's opinion is based upon "a qualitative study based on a series of depth-interviews with actual consumers in this marketplace," and in fact about 7 people selected by AMERITRADE and all based on the assumption that Brick Clip and brick grip were or are trademarks. Ex. A (Christensen Report at 2).

As noted previously, Fed. R. Evid. 702(1) calls for quantitative data only. Christensen's qualitative study on its face is useless and inadmissible.[1] Christensen seems to understand this; he justifies the qualitative study by stating, "[m]ulti-methods including qualitative and quantitative methodologies are seen as complimentary and reciprocally reinforcing rather than as competitors." Ex. A (Christensen Report at 9). While this may be true, the Federal Rules of Evidence require reliable, quantitative data, without which, the qualitative study is insufficient.

---

[1] This only makes sense; the objectivity of qualitative research is highly suspect. Christensen's qualitative depth study suffers from serious suspicion of bias. First of all, Christensen himself conducted the phone interviews. Courts require interviews and surveys to be taken by unbiased parties who have no knowledge of the facts and issues being litigated for a good reason; paid participants in litigation have a hard time gathering unbiased data. Second, Christensen gives the Court no record of the questions he used in his discussions with the participants. Without such questions, there is no way to determine whether or the questions asked were, on their face, likely to lead to unbiased answers. Finally, the selection of the interviewees was improper, because they had already purchased AMERITRADE'S product. *See Universal City Studios, Inc. v. Nintendo Co,* 746 F.2d 112, 118 (2nd Cir. 1984 ) (holding that a survey conducted among individuals who has already made their purchase rather than who were contemplating a purchase was unreliable).

8

### B. Rank Hearsay Is Inadmissible

Dr. Christensen interviewed about 7 customers who had contacted AMERITRADE. JONES presumably gave Dr. Christensen the names. Dr. Christensen then proceeded to interview them at great length presenting his summary of their conversations. Thus he presents rank hearsay. He presents the out of court statements for whatever reason, and they are flatly inadmissible. While experts may oversee surveys, they are NOT conducted by the expert who has acquired biases and prejudices. On top of that telephone interview of 7 people is simply not of any statistical value.

The Expert Report of Dr. Glenn L. Christensen is thus flawed and based on blatant biased hearsay taken not from a neutral group but from tainted customers and a highly select group to affect a laboratory experiment. This is not a recognized method to establish confusion. Thus, the court should strike the expert report or at least the rank hearsay from the customers and the rank hearsay from the laboratory group.

### IV. THE DECLARATIONS OF BRIAN COLE, DENISE HALL, AND PAT HARTMAN ARE INADMISSIBLE.

The Declarations of AMERITRADE'S Customers (Ex. B) are all inadmissible due to various defects outlined below.

A) A declarant must be competent to testify. None of the declarations include any foundation statement regarding the declarant's competency to testify generally, or specifically regarding to the Internet actions discussed.

B) All of the declarations lack foundation regarding the declarant's confusion.

C) All of the declarations involve hearsay regarding their conversation with Craig Jones.

D) Paragraph nine of the Declaration of Pat Hartman lacks any foundation and is an inadmissible conclusion.

E) All of the declarations are irrelevant. The declarations are fact declarations involving events that occurred after the filing of the Complaint; accordingly, they are not relevant or material to any cause of action alleging violations of law prior to the date of the Complaint.

F) Most importantly, all of the declarations are irrelevant because the declarants all actually contacted Mr. Jones to make a purchase. Their declarations, alleged "confusion" not withstanding, show that IMPROVEMENTS alleged infringement was not sufficient to deprive AMERITRADE of its customers. The whole concept of trademark infringement is that the parties actually have trademarks. Even if AMERITRADE has a mark, it cannot be shown that brick grip is a mark and that the people were in fact confused. As a matter of undeniable fact, all found AMERITRADE and so they could not have been confused.

Based upon these numerous defects, the Declarations of Brian Cole, Denise Hall, and Pat Hartman should be stricken as inadmissible.

## CONCLUSION

The Court should exclude Christensen's expert report and testimony because: 1) his designation was incredibly untimely; 2) AMERITRADE violated the Court's protective order by allowing Christensen, an unauthorized person, access to IMPROVEMENTS protected information; and 3) Christensen's testimony fails the *Daubert* test for admissibility of scientific

10

testimony. For these reasons the Court should strike Dr. Christensen's expert report and exclude his testimony from all further proceedings in this case. Further, the Court should strike the Declarations of Brian Cole, Denise Hall, and Pat Hartman because they are inadmissible.

DATED this 28th day of March, 2005

HOLME ROBERTS & OWEN LLP

By: _____
Thomas J. Rossa, Esq.
Jeffery Lillywhite, Esq.
HOLME ROBERTS & OWEN LLP
Attorneys for Defendant
HSN Improvements, LLC

11

Exhibits/
Attachments
to this document
have **not** been
scanned.

Please see the
case file.