HOLME ROBERTS & OWEN, LLP
Thomas J. Rossa, #2806
Jeffery M. Lillywhite, #8920
299 South Main Street, Suite 1800
Salt Lake City, UT 84111-2263
Telephone:      (801) 521-5800
Facsimile:      (801) 521-9639

Attorneys for Defendant HSN Improvements, LLC

---

IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
CENTRAL DIVISION

---

| | |
|---|---|
| AMERITRADE INTERNATIONAL, INC., a Utah Corporation and CRAIG D. JONES, a Utah resident,<br><br>          Plaintiffs,<br><br>v.<br><br>HSN IMPROVEMENTS, LLC, a Delaware limited liability company,<br><br>          Defendant. | **REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE THE EXPERT REPORT OF DR. GLENN L. CHRISTENSEN AND THE DECLARATIONS OF DENISE HALL, BRIAN COLE, AND PAT HARTMAN**<br><br><br>Judge Ted Stewart<br>Case No. 2:03CV00459 TS |

---

Defendant HSN Improvements, LLC ("IMPROVEMENTS") filed its Motion to Strike

the Expert Report of Dr. Glenn L. Christensen ("Christensen") and the Declarations of Denise

Hall, Brian Cole, and Pat Hartman ("Declarations of AMERITRADE Customers"); and

Ameritrade International, Inc. ("AMII") and Craig D. Jones ("JONES") ( AMII and JONES

together being referred to as "AMERITRADE") has filed its opposition to which

IMPROVEMENTS now replies.

## ARGUMENT

### A.     The Plaintiffs' Expert Report was Untimely

AMERITRADE asserts that it complied with the court's order in every respect.  Both

parties agree that the court set a deadline of December 7, 2004 for AMERITRADE to designate

its experts.  AMERITRADE presents in its opposition additional facts regarding the discovery

deadline and even the transcript from the court hearing, but even with all the additional facts, the

deadline for disclosing experts remained as December 7, 2004.  As such, AMERITRADE'S

designation of Mr. Glenn Christensen was untimely.

AMERITRADE presents evidence that it advised IMPROVEMENTS' counsel in a

December 7, 2004 letter that AMERITRADE intended to call a marketing expert, without stating

the expert's name or any other information about the expert.  Ex. B of Plaintiffs' Opposition.

Thus, AMERITRADE failed to designate its marketing expert by the required due date.

Intending to call an expert is not an expert designation.  IMPROVEMENTS did not receive any

notification of who this marketing expert was until it received the expert report after the deadline

had past.

A party that fails to disclose information required by Rule 26(a) is not permitted to use as

evidence at a trial or on a motion any witness not so disclosed.  *See* Fed. R. Civ. P. 37(c)(1);

*Miller v. Pfizer, Inc.*, 356 F.3d 1326, 1332 (10th Cir. 2004) (stating that "failure to make proper

disclosures may require exclusion of the expert as a witness"); *Hill v. Dickerson*, 839 P.2d 309,

311 (Utah App. 1992) (affirming the exclusion of testimony of expert who was designated after

the court appointed date).

2

Thus, AMERITRADE has failed to show that Mr. Glenn Christensen was properly designated prior to the deadline set by the court.

**B.     The Plaintiffs Breached the Court's Protective Order**

The Protective Order requires AMERITRADE to forward a copy of the written undertaking signed by its expert to IMPROVEMENTS <u>before</u> disclosure of any confidential information to its expert. AMERITRADE states that it believed that a copy Glenn Christensen's written undertaking of the Protective Order was sent to IMPROVEMENTS. However, AMERITRADE has no record of sending the undertaking to IMPROVEMENTS; and IMPROVEMENTS has no record of receiving the document. It is uncertain how AMERITRADE can assert that the document was sent to IMPROVEMENTS when there is no record of it being sent. AMERITRADE failed to comply with the terms of the Protective Order.

A copy of the signed agreement was finally sent to IMPROVEMENTS in a letter dated April 18, 2005. Exhibit A. The agreement, on its face, seems to have been signed on December 10, 2004, which is after the court imposed deadline for Plaintiffs to designate its expert witness. This evidence infers that AMERITRADE could not have designated its marketing expert by the deadline because it had not found its expert at that time. Also, disclosure of IMPROVEMENTS' confidential information was clearly in violation of the Protective Order, since the Agreement signed by Christensen was not forwarded to IMPROVEMENTS prior to the disclosure.

When a party breaches a protective order by disclosing confidential information to an expert who does not fulfill the requirements outlined by the court to ensure the protection of confidential information, the expert should be disqualified. *See Beam Sys. v. Checkpoint Sys.*, 42

3

U.S.P.Q.2d 1461 (C.D. Cal. 1997) (disqualifying an expert who did not fit the requirements of independence outlined by the court).

As such, AMERITRADE'S expert witness should be disqualified for breaching the Protective Order issued by the court.

**C.      The Expert Report is Inadmissible Under *Daubert***

The expert report of Glenn Christensen is unreliable. AMERITRADE has the burden to show by a preponderance of the evidence that Christensen's testimony is (1) reliable, in that it is based on a reasonable foundation; and (2) that it is "relevant to the task at hand," i.e., the opinion must "fit" the facts of the case. *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 597 (1993); *see also, General Electric Co. v. Joiner*, 522 U.S. 136, 140 (1997) (exclude expert testimony based on speculation). AMERITRADE has merely presented evidence that Christensen's report uses "the methods most commonly used and relied upon by consumer behavior experts." AMERITRADE has not presented any evidence, however, on what purposes these consumer behavior experts use the methods, and if the methods have any relevance for showing likelihood of confusion.

When showing likelihood of confusion, a survey, or "a more scientific means of evidencing mental associations is to introduce the actual responses of a group of people who are typical of the target group whose perceptions are at issue in a case." *McCarthy on Trademarks* § 32:158. Christensen's report is based on biased and unreliable survey results which are grounds for excluding the testimony. *See Toys "R" Us, Inc. v. Canarsie Kiddie Shop, Inc.*, 559 F. Supp. 1189, 1205 (E.D.N.Y. 1983) (excluding opinions based upon a flawed survey). Laboratory testing comes no where near the typical survey criteria. *Manual for Complex Litigation*, 116 (5th

4

Ed. 1981); *see also, Toys "R" Us, Inc.,* 559 F. Supp. at 1189; *Bank of Utah v. Commercial Sec. Bank,* 369 F.2d 19, 28 (10th Cir. 1966) (outlining requirements of admissible survey evidence).

Therefore, IMPROVEMENTS requests the court to strike Christensen's report under a *Daubert* analysis since it is based on flawed data and falls well short of what is required of admissible expert testimony.

**D.     AMERITRADE'S Marketing Expert was Not Contacted Until the First Week of December**

AMERITRADE asserts that it already had a marketing expert at the time of the court hearing on November 17, 2004.  Plaintiffs' Opposition at 6.  In fact, it presented the court transcript to support its statements made to the court and presented an argument that it has been diligent in its efforts to retain a marketing expert.  Statements made by Christensen clearly indicate otherwise.

During the Deposition of Glenn L. Christensen on January 25, 2005, Mr. Thomas Rossa asked Christensen when he was first contacted by Kirton & McConkie for his services. Christensen affirmatively acknowledged that he was contacted in the first week of December to prepare his report.  Exhibit B, Depo. of Christensen, page 25, lines 5-12.  Christensen also indicated that all of his work occurred between the first week of December and the 23rd of December.  *Id.*

Therefore, AMERITRADE'S statement that it already had a marketing expert at the time of the court hearing on November 17, 2004 cannot be true.  Christensen was not contacted until the first week of December, 2004.

#186484 v1

**E.     The Declarations of Brian Cole, Denise Hall
and Pat Hartman are Inadmissible**

AMERITRADE does not present any evidence supporting its argument that the

declarations of Brian Cole, Denise Hall, and Pat Hartman are admissible.  AMERITRADE

merely states that experts can rely on hearsay evidence.  Thus, IMPROVEMENTS requests the

court to strike the Declarations of Brian Cole, Denise Hall, and Pat Hartman as inadmissible.

## CONCLUSION

The court should exclude Christensen's expert report and testimony because: 1) the

expert designation was untimely; 2) AMERITRADE violated the court's Protective Order by

allowing Christensen, an unauthorized person, access to IMPROVEMENTS' protected

information; and 3) Christensen's testimony fails the *Daubert* test for admissibility of scientific

testimony.  For these reasons the court should strike Dr. Christensen's expert report and exclude

his testimony from all further proceedings in this case.  Further, the court should strike the

Declarations of Brian Cole, Denise Hall, and Pat Hartman because they are inadmissible.

DATED this 2nd day of May, 2005.

HOLME ROBERTS & OWEN, LLP

By

Thomas J. Rossa, Esq.
Jeffery M. Lillywhite, Esq.

Attorneys for Defendant
HSN Improvements, LLC

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 2nd day of May, 2005, a true and correct copy

of the foregoing **REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE THE**

**EXPERT REPORT OF DR. GLENN L. CHRISTENSEN AND THE DECLARATIONS OF**

**DENISE HALL, BRIAN COLE, AND PAT HARTMAN** was served via U.S. mail, postage

prepaid to:

> David M. Wahlquist
> Randy T. Austin
> KIRTON & McCONKIE
> 1800 Eagle Gate Tower
> 60 East South Temple
> P.O. Box 45120
> Salt Lake City, Utah 84145-0120
> Attorneys for Plaintiffs

HOLME ROBERTS & OWEN LLP

By_____

7



## KIRTON & McCONKIE

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

1800 EAGLE GATE TOWER
60 EAST SOUTH TEMPLE
P.O. BOX 45120
SALT LAKE CITY, UTAH 84145-0120
www.kmclaw.com

RANDY T. AUSTIN
E-MAIL  raustin@kmclaw.com

FAX (801) 321-4893
TELEPHONE (801) 328-3600

April 18, 2005

**VIA FACSIMILE:  521-9639**
**AND U.S. MAIL**

Thomas J. Rossa
Jeffery M. Lillywhite
HOLME, ROBERTS & OWEN
299 South Main Street, Suite 1800
Salt Lake City, UT  84111-2263

> **Re:**   ***Ameritrade International v. HSN Improvements***
> **Our File No.: 11809-1**
> **Your File No.: 48856.00010**

Dear Counsel:

In responding to your Motion to Strike Dr. Christensen's testimony, we learned of your claim that his review of confidential information was in violation of the protective order. Be advised, that Dr. Christensen executed the appropriate form prior to any review of any documents. A copy of the form is enclosed. We believe that this was sent in prior correspondence, but can find no cover letter that would establish as much.

Let me know if you have any questions.

Sincerely,

KIRTON & McCONKIE

Randy T. Austin

RTA:am
Enclosure

N22390 11809-1

Exhibit A

Exhibit A

## AGREEMENT CONCERNING INFORMATION COVERED BY

## PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read the Protective Order entered

into between Ameritrade International, Inc. and Craig D. Jones and HCN Improvements, LLC,

(2:03CV00459TS) understands it's terms, and agrees to be bound by each of those terms.

Specifically, and without limitation upon such terms, the undersigned agrees not to use or

disclose any Confidential Material made available to him/her other than in accordance with the

Protective Order. The undersigned agrees to take, or to cause to be taken, all necessary

precautions to prevent unauthorized use or disclosure of materials subject to the Protective Order,

including but not limited to, where appropriate, physically securing, safeguarding and restricting

access to the material subject to the Protective Order. The confidentiality of material subject to

the Protective Order shall be maintained in perpetuity.

The undersigned understands that the violation of any of the terms of the Protective Order

may subject the undersigned to legal penalties.

DATED: 12/10/2004

By: _____

GLENN CHRISTENSEN
(Type or print name)

Of _____

DATED: _____

By: _____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

**Amended Transcript**

-ooOoo-

AMERITRADE
INTERNATIONAL, INC., a
Utah Corporation and
CRAIG D. JONES, a Utah
resident,

         Plaintiffs,

v.

HSN IMPROVEMENTS, LLC, a
Delaware Limited
Liability Company,

         Defendant.

: CIVIL NO. 2:03CV00459 TS

: DEPOSITION OF:
**GLENN L. CHRISTENSEN**

:

TAKEN: January 25, 2005

:

Judge Ted Stewart

:

:



:

:

-ooOoo-

    Deposition of GLENN L. CHRISTENSEN, taken

on behalf of the Defendant, at 299 South Main Street,

Suite 1800, Salt Lake City, Utah, before ROCKIE E.

DUSTIN, Certified Shorthand Reporter and Notary

Public in and for the State of Utah, pursuant to

Notice.

**Reporters, Inc.** 10 West 100 South, Suite 250 · Salt Lake City, Utah 84101
(801) 746-5080 phone  (801) 746-5083 fax · 1-866-310-DEPO · www.reportersinc.net



1

*Exhibit B*

1      A.   I started working on it in the middle of

2   December 2004, or -- well, maybe the first or second

3   week of December.  I'm not entirely certain of exact

4   dates.  And I signed the final copy on the 23rd.

09:27:28   5      Q.   When were you asked to prepare the report?

6      A.   The first part of December.

7      Q.   So you were contacted the first week of

8   December to prepare this report?

9      A.   Yes.

09:27:37  10      Q.   And you did all of the work between the first

11   week of December and the 23rd of December?

12      A.   Yes.

13      Q.   Who contacted you?

14      A.   The law offices of --

09:28:00  15      Q.   Kirton & McConkie?

16      A.   Yes.

17      Q.   And do you know which lawyer contacted you?

18      A.   Yes.

19      Q.   Who?

09:28:06  20      A.   Randy Austin.

21      Q.   How did he come by your name?  Do you know?

22      A.   As best I recollect, he indicated that he did

23   a search on the BYU website.

24      Q.   And what did Mr. Austin ask you to do when he

09:28:31  25   first talked to you?

1    A.   He asked me to be an expert witness in this

2    litigation.

3    Q.   Did he ask you what -- did he tell you -- was

4    there a discussion about what the litigation was about?

09:28:47  5    A.   Certainly.

6    Q.   What did he tell you?

7    A.   He told me that there was a -- that it was a

8    trademark infringement case that involved a company in

9    Utah County and that -- and Home Shopping Network, HSN.

09:29:13  10    And then I think he described some of the

11   particulars of the case.

12   Q.   Did you take -- did you go through any steps

13   to see if there were any conflicts between you and

14   undertaking this matter?  Like maybe perhaps you have

09:29:34  15   done research or consulting for some consumer company

16   that might be -- that would be inconsistent with you

17   undertaking this work?

18   A.   Not formally.

19   Q.   So that means you informally checked, which

09:29:53  20   means you thought through your head to see if there was

21   anything that would be inconsistent with that; would

22   that be correct?

23   A.   Yes.

24   Q.   Anything inconsistent that you can think of?

09:30:02  25   A.   No.