IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH,

CENTRAL DIVISION

| | | |
|---|---|---|
| AMERITRADE INTERNATIONAL, INC. a Utah Corporation and CRAIG D. JONES, a Utah resident, | : : : : | **ORDER** |
| Plaintiffs, | : : | |
| vs. | : : | Civil No. 2:03CV00459 TS |
| HSN IMPROVEMENTS, LLC, an Ohio corporation, | : : | Judge Ted Stewart |
| Defendant. | : : | |

On May 19, 2005, the following matters came before the Court at a hearing in the above-captioned matter:

1.      Defendant's Motion to Strike Plaintiffs' Motion for Partial Summary Judgment;

2.      Defendant's Motion to Strike the Expert Report of Dr. Glenn Christensen and the Declarations of Pat Hartman, Denise Hall, and Brian Cole;

3.      Defendant's Motion for Summary Judgment; and

4.      Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs were represented by David M. Wahlquist and Randy T. Austin of Kirton & McConkie, P.C., and Defendant was represented by Thomas Rossa and Jeffery Lillywhite of Holme Roberts & Owen, LLP.

Having considered the memoranda, exhibits, affidavits, declarations, and other evidence before it on the record relating to the motions and the arguments of counsel for the parties, and being otherwise advised in the premises,

THE COURT HEREBY ORDERS as follows:

**I.  Defendant's Motion to Strike The Plaintiffs' Motion for Partial Summary Judgment.**

Defendant has moved the court to strike Plaintiffs' Motion for Partial Summary Judgment because it was filed after the deadline set by the Court for filing dispositive motions. Although the Court and Plaintiffs recognize that Plaintiffs' motion was filed after the deadline, the Court finds that Defendant suffered little prejudice due to the late filing.  Moreover, Plaintiffs' Motion basically deals with the same issues that are raised in Defendant's Motion for Summary Judgment.   The interests of judicial economy and the purpose of summary judgment to narrow issues for trial are advanced by considering the Plaintiffs' motion at this time.  For these reasons, Defendant's Motion to Strike Plaintiffs' Motion for Partial Summary Judgment is hereby denied.

**II.  Defendant's Motion to Strike the Expert Report of Dr. Christensen and the Declarations of Pat Hartman, Denise Hall, and Brian Cole.**

Defendant has moved the Court to strike the Expert Report of Dr. Christensen and the Declarations of Pat Hartman, Denise Hall and Brian Cole on several grounds.

A.      Defendant seeks to strike the report of Dr. Christensen because Plaintiffs allegedly did not timely designate Dr. Christensen as an expert witness.  However, the Court is persuaded that Plaintiffs technically complied with the magistrate judge's scheduling order

regarding the designation of expert witnesses.  Even if Plaintiffs' designation had not been

timely, the Court then would have considered the degree to which the Defendant was prejudiced

by Plaintiffs' failure to strictly comply.  In this case, Defendant suffered little or no prejudice as

a result of the alleged delay.  Therefore, the Court denies Defendant's motion to strike on this

ground.

        B.     Defendant next asserts that Plaintiffs failed to comply with the Court's

confidentiality order by delivering confidential documents to Dr. Christensen before he signed

the confidentiality agreement.  Defendant requests the Court to strike Dr. Christensen's report

and testimony on that basis.  The Court first notes that Plaintiffs' alleged failure to comply with

the Court's confidentiality order is in doubt.  Regardless, striking the Report of Dr. Christensen is

too severe a remedy given that permission to disclose would have been granted had the Plaintiffs

properly made the request.  Therefore, the Court declines to strike the expert report and

testimony of Dr. Christensen on this ground.

        C.     Defendant next challenges Dr. Christensen's report under *Daubert.*

Defendant complains that the methods used by Dr. Christensen are flawed.   However,

Defendant's concerns are not justified or substantiated with evidence, but rather legal arguments.

Defendant's legal arguments are inadequate to exclude the expert on this basis.  Defendant's

concerns about Dr. Christensen's methods can be adequately addressed with aggressive cross-

examination.   The Court declines to strike Dr. Christensen's report on this ground.

        D.     Defendant next argues that Dr. Christensen's report should be stricken

because he relied upon hearsay.  The Court finds Defendant's argument is not justified.  If the

Court were to follow Defendant's rationale, an expert could never rely upon a method that used

interview and survey.  For this reason, the Court denies Defendant's motion to strike Dr. Christensen's report on the grounds of hearsay.  If Defendant wishes to pursue issues with Mr. Christensen's methods and findings, it will have an opportunity to do so during cross examination.

       E.     With respect to the declarations, the Court notes that it has not considered and will not consider the Declarations of Pat Hartman, Denise Hall and Brian Cole, as the Court deems them to be irrelevant to the issues before the Court.  However, this issue can be revisited if the parties wish to rely upon them in future proceedings.

    **III.**  **Defendant's Motion for Summary Judgment and Plaintiffs' Motion for Partial Summary Judgment.**

       A.     <u>Standing.</u>  Defendant claims that Ameritrade lacks standing to assert the claims 1 through 6 set forth in the Complaint.  Plaintiffs attest and it is not disputed that Ameritrade is the exclusive licensee of the Brick Clip mark owned by Craig Jones.  While Ameritrade as a licensee does not have standing to sue for infringement by itself, *State Contracting and Engineering Corporation v. Condotte America, Inc.,* 346 F. 3d 1057 (Fed. Cir.2003), Ameritrade has standing to sue as a co-plaintiff with the trademark owner, Craig Jones. *Textile Productions, Inc. v. Mead Corporation,* 134 F. 3d 1481 (Fed. Cir. 1998). Therefore, Defendant's Motion for Summary Judgment on the grounds that Ameritrade lacks standing is denied.

       B.     <u>Genericness of the Brick Clip Mark</u>:  Defendant has moved the Court to dismiss claims 1 through 6 on the ground that the "Brick Clip" mark is generic.  Plaintiffs have filed a cross motion asking the Court to rule as a matter of law that the "Brick Clip" mark is not

generic.  Registration by the Patent and Trademark Office "creates a rebuttable presumption that the mark is inherently distinctive." *Sally Beauty Co., Inc. v. Beautyco, Inc.,* 304 F.3d 964 (10th Cir. 2002).  Further, "the categorization of a mark is a factual question." *Donchez v. Coors Brewing Co*., 392 F.3d 1211 (10th Cir. 2004).  Generic terms generally do not have common alternatives, thus warranting a court's reluctance to grant protection to such trademarks because of a fear of giving one competitor the advantage of the exclusive use of a common term in the industry. *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc*., 2004 WL 3008778 (6th Cir. 2004). The Court finds that there are several alternatives to brick clip, including brick grip and brick hanger.  The parties have agreed that Brick Clip is not a famous term.  There is no evidence before the Court that supports the notion that Brick Clip has become a popular accepted mark. The Court finds that the Defendant has not overcome the presumption of authenticity of the Brick Clip trademark.  For the foregoing reasons, the Court denies Defendant's Motion for Summary Judgment dismissing Plaintiffs' First Claim on the grounds that the Brick Clip mark is generic and grants Plaintiffs' Motion for summary judgment that the mark is not generic.

        C.    <u>Fair Use.</u>  Defendant also moved the Court for dismissal of claims 1 through 6 on the ground that its use of "Brick Grip" constitutes fair use.  Plaintiffs, on the other hand, seek summary judgment ruling that Defendant's use was not fair use as a matter of law. "The 'fair use' defense permits the use of a name or term, other than as a trademark,  that is descriptive and is used fairly and in good faith only to describe the goods." *Beer Nuts, Inc. v. Clover Club Foods Co.*, 711 F.2d 934, 937 (10th Cir. 1983).   "Fair use is a mixed question of law and fact." *Harper & Row Publishers, Inc. v. Nation Enterprises,* 471 U.S. 539 (1985). Whether the Defendant has used the term "Brick Grip" as a mark, label, or a descriptive phrase;

whether Defendant acted in bad faith in using the term "Brick Grip"; whether "Brick Grip" is only a descriptive term; and assuming that it is a descriptive term, whether it had acquired a secondary meaning are issues best left for the jury.  Therefore, the Court will not grant judgment in favor of either party on the issue of fair use.

        D.     <u>Fifth Cause of Action (Common Law Unfair Competition)</u>   Defendants move for summary judgment dismissing Plaintiffs' Fifth Claim on the ground that Plaintiffs' product does not compete with Defendant's product.  The evidence presented to the Court demonstrates that the products are virtually identical; both products can be purchased on the internet; both products are offered through similar channels of trade throughout the United States such as magazines and retail; and if a customer purchases one parties' product, it erodes demand for the other's given that they are nearly identical.  Therefore, Defendant's motion seeking dismissal of the Fifth Claim is denied.

        E.     <u>Second Cause of Action (False Designation of Origin) - 15 U.S.C. § 1125 (a))</u>   Defendant seeks summary judgment dismissing Plaintiffs' Second Claim on the basis that there is no evidence Defendant made false statements or caused confusion as to the source of goods.  The factors mentioned in *King of the Mountain Sports, Inc. v. Chrysler Corp.*, 185 F.3d 1084 (10th Cir. 1999) are applicable.  The facts applicable to those factors are construed in the light most favorable to the Plaintiffs.  The first factor is the degree of similarity between the marks.  The Court notes that "Brick Clip" and "Brick Grip"are very similar.  They sound, look and function in a similar manner.

        The second factor is the intent of the alleged infringer in adopting its mark or its term.  There is evidence that Defendant meant to misappropriate Plaintiffs' mark to create

confusion and gain business intended for Plaintiffs.  Similarity of Defendant's marketing to that of Plaintiffs' prior marketing supports this inference.

The third factor is evidence of actual confusion.    Plaintiffs' expert report supports the inference of at least a degree of confusion.

The fourth factor is the degree of care likely to be exercised by the purchasers. The degree of care used to purchase the brick hangers at issue would not be great.

The last factor is the strength or weakness of the mark.  The Court finds that, in the light most favorable to the Plaintiffs, the strength of Plaintiffs' mark is moderate.

Based upon the foregoing, the Court denies Defendant's motion to dismiss the Second Claim because there are genuine issues of material fact.

F.    Extension of Patent.  Defendant moves the Court to dismiss claims 1 through 6 on the ground that this action is an attempt by Plaintiffs to extend their expired patent rights.  The thrust of Defendant's claim tied to the expiration of the patent is that the "Brick Clip" mark is generic.  The Court has already determined that the "Brick Clip" mark is not a generic term and therefore will not address this aspect of the Defendant's motion further.

G.    Estoppel.  Defendant moves the Court to rule that Plaintiffs are estopped to assert the likelihood of confusion and on that basis, to dismiss claims 1 through 6.  The Court has already ruled that "Brick Clip" should be treated as a mark and not just a descriptive phrase. Further, as addressed in connection with "fair use" and when viewed in a light most favorable to Plaintiffs, the evidence infers that Defendant's use of "Brick Grip" was done in bad faith. Therefore, Plaintiffs have a right to assert their infringement claims and Defendant's motion based upon estoppel is denied.

H.    <u>Sixth Cause of Action (Utah Statutory Claims).</u>

1.    Consumer Sales Practices Act:  Plaintiffs argue that Defendant should be barred from raising this defense because it was not plead with particularity in its answer.  However, this point was raised for the first time in oral argument.  Therefore, the Court will not allow the Plaintiffs to rely on this argument at this late juncture.

Defendant argues that a supplier does not have standing to assert a claim under the Consumer Sales Practices Act.  The stated purpose of the Consumer Sales Practices Act is "to protect consumers from suppliers who commit deceptive and unconscionable sales practices."  UTAH CODE ANN. § 13-11-2(2) (2005).  The statute does not specifically allow a supplier to bring a claim under the Act against another supplier.  The question before the Court is then of first impression: whether a party must have taken part in a consumer transaction, as defined by UTAH CODE ANN. § 13-11-3(2), in order to enforce the Consumer Sales Practices Act.  In light of the purpose of the Act, the Court finds the Plaintiffs do not have standing to bring an action in this instance because there is no allegation that can lead the Court to conclude that consumers were being harmed.  However, the Court does not rule that a supplier is always barred from bringing a claim under the Act.  Because no consumer harm is at issue, the Court finds that Plaintiffs have no standing to bring this claim and grants Defendant's motion to dismiss Plaintiffs' Sixth Claim based upon the Consumer Sales Practices Act and the Consumer Sales Practice Act claim set forth in the Sixth Cause of Action is dismissed.

2.    Unfair Practices Act.  Defendant claims that this claim is barred because the parties are not in competition.  Taking the facts in the light most favorable to the Plaintiffs, the Court must find that the parties are in competition and therefore denies

Defendant's motion to dismiss that part of the Sixth Cause of Action based upon the Unfair Practices Act.

        3.   Truth in Advertising Act:  Defendant seeks dismissal of this claim on the ground that Plaintiffs failed to provide the prerequisite notice set forth in the Act.  The parties agree that before a claim for injunctive relief is brought under this Act, notice must be given. The Court notes that the legislative language at issue is clear and that before a claim for injunctive relief is brought, notice must be given.  Plaintiffs failed to provide such notice. Plaintiffs argue that failure to give notice was an affirmative defense which Defendant waived through failure to plead it.  However, the Court rules that the failure to provide notice does not act as an affirmative defense, but as a jurisdictional requirement.  In making this determination, the Court notes the similarity between this notice provision and that provision found in the Utah Governmental Immunity Act.  In that context, the Utah Supreme Court has ruled that failure to file the notice required by the statute "deprives the court of subject matter jurisdiction." *Rushton v. Salt lake* County, 977 P.2d 1201 (Utah 1999).  Because Plaintiffs failed to give the required notice, the Court lacks subject matter jurisdiction over Plaintiffs' claim under the Truth in Advertising Act.  Therefore, Defendant's motion to dismiss that portion of the Sixth Claim based upon the Truth in Advertising Act is granted, and the Truth in Advertising claim set out in the Sixth Cause of Action is hereby dismissed.

        I.    <u>Eighth Cause of Action (Tortious Interference).</u>  Plaintiffs have alleged that Defendant tortiously interfered with their economic relations.  To establish this claim, Plaintiffs must show (1) Defendant interfered with Plaintiffs' existing or potential economic relations, (2) by an improper means, and (3) harm.  *Leigh Furniture and Carpet Co. v. Isom*, 657

P.2d 293 (Utah 1982).  In viewing the evidence in the light most favorable to Plaintiffs, the

evidence of infringement and confusion previously resolved this issue, and therefore

Defendant's motion to dismiss Plaintiffs' Eighth Claim is denied.

       J.      <u>Fourth Cause of Action (Common Law Trademark Infringement).</u>

Defendant asserts that Plaintiffs cannot show that the Brick Clip mark has acquired secondary

meaning, and that therefore this claim should be dismissed.  Defendant's argument relies on the

proposition that Plaintiffs' mark is generic.  The Court has already ruled as a matter of law that

Plaintiffs' mark is not generic, and therefore Defendant's motion to dismiss Plaintiffs' Fourth

Cause of Action is denied.

       K.      <u>First Cause of Action (Trademark Infringement under 15  U.S.C. § 1114.</u>

Defendant seeks summary judgment dismissing Plaintiff's First Cause of Action as far as it

relates to use of the words "Brick Hanger" on the ground that Plaintiff has not contended that

there is likelihood of confusion between the terms "Brick Clip" and "Brick Hanger."  Because

there is an issue of fact regarding whether the confusion caused by use of the term "Brick Grip"

was perpetuated by later use of the term "brick hanger," the Court denies Defendant's motion to

dismiss the First Cause of Action with respect to use of the term "Brick Hanger."

       L.      <u>Third Cause of Action (Trademark Dilution – 15 U.S.C. § 1125(c)).</u>  The

parties do not dispute that there is no evidence that the Brick Clip mark is of sufficient fame that

it can be diluted and there is no evidence of harm caused by dilution.  Therefore, the Court

grants Defendant summary judgment dismissing this claim, and the Third Cause of Action set

forth in the complaint is hereby dismissed.

M.     <u>Seventh Cause of Action (Covenant of Good Faith and Fair Dealing).</u>

Defendants seek dismissal of the Seventh Cause of Action on the basis that there is no contract between the parties.  "The covenant of good faith and fair dealing inheres in all contracts." *Christensen v. Farmers Insurance* Exchange, 2005 WL 791117 (Utah 2005).  The question here is whether there is a contract for which this covenant can inhere.  Although the parties have had a history of dealings with each other, the Court finds no evidence of any contract between the parties relevant to the issues before the court.  Therefore, the Court grants Defendant's motion to dismiss Plaintiffs' Seventh Cause of Action, and the Seventh Cause of Action set forth in the complaint is hereby dismissed.

DATED this 9th day of August, 2005.

BY THE COURT

Honorable Ted Stewart
United States District Judge

11